# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT COREY HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2380 HEA |
| | ) | |
| COUNTY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Albert Corey Hunter, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.07. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $10.39. The Court will therefore assess an initial partial filing fee of $2.07, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se

2

complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are the County of St. Louis, Jennifer L. Hill, Albert Hunter, Jr., Marsha L. Goesman, Betty Doe, Jane Doe, and John Doe. Plaintiff alleges that Hill "willfully, wantonly, deliberately and intentionally" interfered with his parental rights and his parent-child relationship, which has caused him emotional distress. (Docket No. 1 at 3). He claims Hill has isolated his children from him, intercepted communications, and created a negative relationship between plaintiff and his children. He states that Hill is not a relative to plaintiff or his children, and he states that her actions are "criminal and amount to kidnapping." *Id.* Plaintiff claims that Hunter, Goesmann and the Doe defendants "have all aided and abetted Hill's isolation and concealment of [his] children through willful and wanton assistance to Hill, knowing that [plaintiff] would suffer harm from their actions, approval and/or assistance to Hill." *Id.* Finally, plaintiff claims that the County of St. Louis "has issued an ex parte order and full order of protection" against him, due to the "legal malice of Hill." *Id.* Plaintiff claims that the order was issued by Judge Sandra Hemphill, and that it amounted to a negligent and wrongful act and influenced the County of St. Louis Court to interfere with plaintiff's parental rights.

As relief, plaintiff asks this Court to enter an injunction against Hill to release his children to an unspecified member of his family, a "declaration in judgment" for damages he has suffered, compensatory damages of $50 per day, per child, for the time during which his parental

3

rights were compromised, and punitive damages in the same amount as the compensatory damages. (Docket No. 1 at 4).

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court first addresses plaintiff's claims against defendant County of St. Louis. Plaintiff's claims against the County stem from a county judge's issuance of orders adverse to him. A local governmental body such as a county is considered a "person" subject to section 1983 liability. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005). However, a county may be held liable only for constitutional violations that result from its policies or customs. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978), *L.L. Nelson Enterprises, Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 811 (8th Cir. 2012). In this case, plaintiff has not alleged that a county policy or custom is responsible for his injuries. As a result, plaintiff's claims against defendant County of St. Louis will be dismissed without prejudice.

The Court now turns to plaintiff's claims against Hill, Hunter, Goesmann, and the Doe defendants. As set forth above, to state a § 1983 claim, a plaintiff must prove that he was deprived of constitutional rights as a result of state action by a state actor. A party may be a state actor "because he [or she] is a state official, because he [or she] has acted together with or has obtained significant aid from state officials, or because his [or her] conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In this case, plaintiff has not alleged, nor is it apparent, that Hill, Hunter, Goesmann, or any of the Doe defendants are government actors. Plaintiff also fails to set forth any non-conclusory allegations that any of these defendants acted in concert with a government actor. *See Martin*, 623 F.2d at 1286 (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). At most, plaintiff alleges that Hill invoked state legal proceedings that resulted in the issuance of court orders adverse to plaintiff. However, merely invoking state legal procedures does not convert a party into a state actor. *Wickersham v. City of Columbia*, 481 F.3d 591, 598 (8th Cir. 2007) (citing *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001)). Plaintiff's claims against Hill, Hunter, Goesmann, and the Doe defendants will therefore be dismissed, without prejudice.

After carefully reading the complaint and giving plaintiff the benefit of a liberal construction, the Court concludes that none of plaintiff's claims survive review pursuant to § 1915(e)(2). This case will therefore be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.07 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of November, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE