UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALBERT COREY HUNTER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 4:17CV2380 HEA |
| COUNTY OF ST. LOUIS, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Albert Corey Hunter's Motion to Alter or Amend Judgment. (Docket No. 9). The motion will be denied.

### Background

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the County of St. Louis, Jennifer L. Hill, Albert Hunter, Jr., Marsha L. Goesman, Betty Doe, Jane Doe, and John Doe. Briefly, plaintiff alleged that Hill interfered with his parental rights and his parent-child relationship, isolated his children from him, intercepted communications between him and his children, and created a negative relationship between him and his children. He characterized Hill's actions as criminal and amounting to kidnapping, and he claimed that Hunter, Goesmann and the Doe defendants aided Hill. Plaintiff also claimed that a judge issued an ex parte order and full order of protection against him, and that this amounted to a negligent and wrongful act and influenced the County of St. Louis Court to interfere with his parental rights. As relief, plaintiff asked this Court to order Hill to deliver his children to a member of his family, and award him monetary damages. On November 9, 2017, this Court dismissed this action without

prejudice after determining that the complaint failed to state a claim upon which relief could be granted.

Plaintiff now moves this Court to reconsider that order. In support, plaintiff claims, *inter alia*, that he did not know how to set forth his claims; that he is the parent of his children and Hill executed a plot to take them; that St. Louis County had policies rooted in feminism and prejudice; that St. Louis County wrongfully allowed an order of protection to issue against him; that fathers have parental rights; and that the defendants' actions have caused him to suffer. Plaintiff refers to Hill using offensive names, and the motion includes a long rant in which he sets forth numerous insults against her. He asks that this Court "reinstate the civil process and litigation against the named defendants based upon the stated claims and causes of action." (Docket No. 9 at 15).

## Discussion

Federal Rule of Civil Procedure 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Such motions do not allow a party to re-litigate matters previously resolved by the court, or to raise arguments or present evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013); *Innovative Home Health Care*, 141 F.3d at 1286.

Upon review of the instant motion, the Court concludes that it fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion can be said to merely revisit old arguments, or attempt to raise new ones without providing good cause for

the failure to raise them prior to the entry of judgment. Plaintiff is therefore not entitled to relief under Rule 59(e), and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Alter or Amend Judgment (Docket No. 9) is **DENIED**.

Dated this 7th day of December, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE